# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TERRI D. BALLESTERO,**
        **Plaintiff,**

**-vs-**                                                      **Case No. 6:06-cv-1153-Orl-28KRS**

**FAIRFIELD RESORTS, INC.,**
        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S OBJECTIONS IN OPPOSITION TO DEFENDANT'S BILL OF COSTS (Doc. No. 93)** |
| **FILED:** | **September 3, 2008** |

Defendant Fairfield Resorts, Inc. ("Fairfield") filed its proposed bill of costs on August 21, 2008, and the Clerk taxed costs in the amount of $25,103.09 on August 22, 2008. Doc. Nos. 91, 92. Plaintiff Terri D. Ballestero filed her Objections in Opposition to Defendant's Bill of Costs on September 3, 2008. Fairfield's initial response was that Ballestero's objections were filed untimely and that the Court should deny her motion. Upon order of the Court, Fairfield filed its Supplemental Response to Plaintiff's Objections in Opposition to Defendant's Bill of Costs. Doc. No. 98. The Supplemental Response incorporates by reference large portions of Fairfield's Opposition to Plaintiff's Motion to Compel, doc. no. 36. The presiding judge has referred this matter to me for a Report and Recommendation.

**I.     TIMELINESS.**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that the court may review the clerk's action on a motion filed within five days. The court has discretion to decline to review an untimely objection to costs. *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254-55 (11th Cir. 2007)(no abuse of discretion to decline to review objections filed five months after taxation of costs).

Applying the rule for computing time, Ballestero's objections were filed one day late. Fed. R. Civ. P. 6. Ballestero has provided no excuse for the late filing. For this reason, I recommend that the Court deny Ballestero's objections as untimely.

**II.    OBJECTIONS.**

Should the Court decide to exercise its discretion and rule on the merits of the objections, an analysis of those objections is set forth below.

**A.     Copy Costs.**

Pursuant to 28 U.S.C. § 1920(4), a court is authorized to tax "fees for exemplification and copies of papers necessarily obtained for use in the case." The party seeking recovery of photocopying costs "must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. . . . A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992)(internal citations omitted). "In evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623 (11th Cir. 2000).

"'Copies attributable to discovery' are a category of copies recoverable under § 1920(4)." *Id.* (citing *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989). The taxation of costs of photocopying attributable to discovery has been limited to "copies of pleadings, correspondence, and other documents tendered to the [opposing party]." *Fulton Fed. Sav. & Loan Ass'n v. Am. Ins. Co.*, 143 F.R.D. 292, 299 (N.D. Ga. 1991)(quoting *Fressell v. AT & T Tech., Inc.*, 103 F.R.D. 111, 115 (N.D. Ga.1984)). "Charges for copies of original documents possessed by the prevailing party are not taxable." *Id*. Further, "charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable." *Id*. at 299-300.

Ballestero objected to Fairfield's claim for $14,218.92 in photocopy costs. She argues that the documents included irrelevant documents, were made for Fairfield's convenience, and that she has already paid the photocopy company for some of the documents.

The argument regarding irrelevant documents is unavailing. When, as here, a party makes a sweeping discovery request, she bears the risk of extra costs incurred in responding thereto.

The argument that Fairfield copied the documents for its own convenience is more persuasive. In its supplemental response to the motion, Fairfield writes as follows:

> Because Plaintiff requested that metadata be preserved, the electronic files each had to be maintained separately with attachments inside of files. Because the only way to electronically review these results would require counsel to manually open each email file in an application and then manually open each attachment in a separate application (including different and older versions of applications), Defendant forwarded the electronic files to Digital Legal who possessed computer programs capable of accessing, reading, and printing the various files in the correct application format for review and production. . . . Given the enormity of the information captured from the electronic searches, this process was the only way for

> Defendant to sort and review materials for production without unilaterally incurring significantly greater expense in manpower and legal fees.

Doc. No. 98 at 5-6. Thus, it is clear that Fairfield printed the electronically stored information for the convenience of its counsel in reviewing the information rather than from necessity. I note, as well, the Fairfield recognized that it could have asked the Court for assistance in determining who should bear the cost of producing electronically stored information, *id.* at 6, but it did not do so. Under these circumstances, the costs of printing the electronically stored information was not properly taxable.

**B.    Depositions.**

Deposition costs may be recovered by a prevailing party if the deposition was necessarily obtained for use in the case. 28 U.S.C. § 1920(2). Ballestero raises a number of objections to taxation of the costs of depositions of Plaintiff, Anthony Ballestero, Blake Arnold, Shelly Martin and Dr. Carol Mikulka.

Initially, Ballestero objects to Fairfield recovering deposition costs for depositions that Fairfield took relying on decisions from district courts. However, in *W&O, Inc.,* the United States Court of Appeals for the Eleventh Circuit permitted taxation of costs of deposition costs taken by the prevailing party. *See W&O, Inc.*, 213 F.3d at 622. The court held that the primary consideration in determining whether the cost of a deposition is taxable is whether the depositions were related to an issue in the case when they were taken. *Id*.

With the exception of the deposition of Dr. Carol Mikulka, Fairfield used excerpts from each of the deposition transcripts in support of its motion for summary judgment. Doc. Nos. 46 and 47. Ballestero relied upon the deposition of Dr. Mikulka in response to the motion for summary judgment,

doc. no. 53, and listed Dr. Mikulka on her witness list, doc. no. 63 at 5. "Taxation of deposition costs of witnesses on the losing party's witness list is reasonable. . . ." *See W&O, Inc.,* 213 F.3d at 621.

Ballestero also objects to the deposition costs because the invoice for the deposition transcript reflected a charge for the original plus one copy without itemizing the cost for each. Fairfield has presented evidence that the copies were provided free of charge when Fairfield ordered the original of the transcript.

Finally, Ballestero objects to the $15.00 charge for a transcript on CD and a $5.00 delivery charge in connection with Anthony Ballestero's deposition. Fairfield does not oppose deducting these costs from its Bill of Costs. Doc. No. 98 at 10. Accordingly, if the Court reaches the merits of the objections, these costs should be excluded from the taxed costs.

**C.    Subpoenas.**

Ballestero objects that she should not be taxed the fees associated with rush service of a deposition subpoena of Timothy Black and fees associated with service of trial subpoenas on Tony Walker and Blake Arnold at multiple addresses. Fairfield responds that it should be allowed the full costs incurred because the costs did not exceed the minimum amount that would have been charged by the Marshals Service.

"Fees of the clerk and marshal" may be taxed as costs. 28 U.S.C. § 1920(1). The Court may, therefore, tax as costs fees of the United States Marshals as listed in 28 U.S.C. §1921(a), including, among other things: fees for serving a subpoena or summons for a witness (28 U.S.C. §1921(a)(1)(B)); fees for "necessary travel" for service of process (28 U.S.C. §1921(a)(1)(G)); and, fees for overtime expenses incurred while serving process (28 U.S.C. §1921(a)(1)(H)).

Section 1921 also states that the "Attorney General shall from time to time prescribe by regulation the fees to be taxed and collected under [§1921(a)]." 28 U.S.C. §1921(b). The Attorney General prescribes a minimum fee of $45.00 per hour for "process served or executed personally . . . for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out of pocket expenses." 28 C.F.R. § 0.114(a)(3). An additional fee of $45.00 per hour plus costs and expenses is charged for each additional U.S. Marshals Service employee, agent, or contractor "who is needed to serve process. . . ." *Id*. Neither the statute nor the regulation address charges for rush service. While section 1920(1) only mentions fees of the United States Marshal, fees of a private process server may be taxed, so long as they do not exceed the statutory fees authorized in § 1921. *W&O, Inc.,* 213 F.3d at 624.

The invoice for service of process upon Timothy Black reflects a $46.00 charge, inclusive of a $20.00 rush fee. Doc. No. 91-2 at 14. The courts in this circuit routinely have declined to tax fees related to rush service. *See, e.g., Modern, Inc. v. Florida*, No. 6:03-cv-718-Orl-31KRS, 2008 WL 1771804, at *2 (M.D. Fla. April 15, 2008); *Johnson v. Commc'n Supply Corp*., No. 05-60510-CIV, 2006 WL 3709620, at *2-3 (S.D. Fla. Dec. 14, 2006). As Fairfield provides no reason why rush service was necessary and because rush surcharges are not addressed in either the statute or regulation, I recommend that the rush fee be denied even though the total amount charged is equivalent to the minimum service fee that would have been charged by the Marshals Service.

With respect to Tony Walker and Blake Arnold, the invoice for each one reflects that $35.00 was charged for a service fee, and an additional $35.00 was charged for additional addresses. Doc. No. 91-2 at 9, 11. The record reflects that both Walker and Arnold were deposed before the date on which the subpoenas at issue were served. *See* Doc. Nos. 46-2, 46-20. Therefore, Fairfield's counsel

had ample opportunity to inquire regarding the addresses for service of process on Walker and Arnold. Fairfield offers no explanation why service of these two individuals was required at two addresses. Accordingly, should the court reach the merits of the objections, I recommend that Ballestero's objection to $70.00 in service fees at additional addresses be sustained.

## III.  RECOMMENDATION.

For the reasons stated above, I recommend that the Court **DENY** Plaintiff's Objections in Opposition to Defendant's Bill of Costs, doc. no. 93, on the basis of untimeliness.

Should the Court exercise its discretion to consider the merits of the objections, I recommend that the Court grant in part and deny in party Plaintiff's Objections in Opposition to Defendant's Bill of Costs, doc. no. 93; vacate the Court vacate the Bill of Costs entered at doc. no. 92.; and tax costs in favor of Fairfield Resorts, Inc. and against Terri D. Ballestero in the amount of $10,744.17.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 12, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[1] The figure was calculated by subtracting the following amounts from the $25,103.09 taxed as costs: $14,218.92 copy costs; $20.00 for fees related to Anthony Ballestero's deposition; $20.00 rush fee for service on Black; $35.00 from the service fee for Walker; and $35.00 from the service fee on Arnold.

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy